UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

and

Keith Brady, et al., Plaintiff–Intervenors,

v.

ROCKWELL INTERNATIONAL CORPORATION, Cambridge Industries, Inc., International Union United Automobile, Aerospace and Agricultural Implement Workers of America, and Local 1766 of United Automobile, Aerospace and Agricultural Implement Workers of America, Defendants.

No. 95 C 3824.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 15, 1998.

Jean Powers Kamp, Gordon G. Waldron, Mary B. Manzo, John C. Hendrickson, U.S. E.E.O.C., Diane Ilene Smason, E.E.O.C., Jane T. Bohman, Brendan P. Max, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for E.E.O.C.

Michael B. Erp, Martha Aileen Garcia, Jane T. Bohman, Lynn L. Miller, Brendan Max, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for Keith Braddy.

Stanley Eisenstein, Michael B. Erp, Marhta Aileen Garcia, Jane T. Bohman, Brendan P. Max, Katz, Friedman, Schur & Eagle, Chtd., Chicago, IL, for Douglas Davis, Walter Grimes, Danny Howell, Larry Mann, Boyd Meskill, Jeffrey Moore, Michael Roper, Jason Struckhoff, Raymond Stull.

Richard H. Schnadig, Nina G. Stillman, James Edwin Bayles, Jr., Thomas William Snyder, Vedder, Price, Kaufman & Kammholz, Chicago, IL, Valerie Depies Harper, City of Chicago, Law Dept., Chicago, IL, for Rockwell Intern. Corp.

Marsha Ann Tolchin, Ungaretti & Harris, Chicago, IL, Thomas H. Williams, Jaffe, Raitt, Heuer & Weiss, Detroit, MI, for Cambridge Industries Inc.

Gail E. Mrozowski, Cornfield & Feldman, Chicago, IL, for Intern. Union, United Automobile, Aerospace and Agr. Implement Workers of America.

Barbara J. Hillman, Gail E. Mrozowski, Cornfield & Feldman, Chicago, IL, for Local 1766 United Automobile, Aerospace and Agr. Implement Workers of America.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), on behalf of certain named claimants, has sued defendants Rockwell International Corp. ("Rockwell") and Cambridge Industries, Inc. ("Cambridge"), alleging that defendants violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et. seq.*, by failing to hire applicants for employment based on a perceived disability, and using an employment test that screened out a class of individuals perceived to have disabilities. As part of its prayer for relief, plaintiff requests that defendants be ordered to grant the charging parties all affirmative relief necessary to eradicate the effects of the alleged unlawful employment practices, including "rightful-place hiring and seniority." On June 1, 1998, plaintiff was granted leave to file a second amended complaint, joining as defendants International Union United Automobile, Aerospace and Agricultural Implement Workers of America, and Local 1766 of that union (the "Unions") pursuant to Fed. R.Civ.P. 19. The Unions have moved to dismiss the second amended complaint alleging that they have been improperly joined. For the reasons set forth below, the Unions' motion is denied.

The second amended complaint does not charge the Unions with any liability, nor does it seek damages or any affirmative relief from them. The complaint merely alleges that the Unions are parties to a collective bargaining agreement ("CBA") with defendant Cambridge which governs seniority of employees. The Unions were added as defendants under Rule 19 solely because of the potential conflict between the retroactive seniority relief requested and the CBA. The Unions argue that they were improperly joined under Rule 19 and should be dismissed because retroactive seniority relief is unavailable to plaintiffs and, therefore, the Unions' presence in the suit is not required to accord plaintiffs full relief. Additionally, the Unions argue that plaintiff cannot bring a federal suit against them because they were not named in the initial charge before the EEOC.

To support their argument that retroactive seniority relief is unavailable, the Unions rely on *Eckles v. Consolidated Rail Corp.*, 94 F.3d 1041, 1051 (7th Cir.1996), in which the court held that the reasonable accommodation provisions of the ADA do not require a defendant to sacrifice the collectively bargained, bona fide seniority rights of other employees. The Unions' reliance on *Eckles* is misplaced, however, because plaintiff is not seeking increased seniority as a reasonable accommodation. Plaintiff is seeking remedial relief of retroactive seniority, giving the claimants the seniority they would now have had their employment not been rejected based on alleged unlawful discrimination. *Franks v. Bowman Transportation Co., Inc.*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), specifically holds that Title VII plaintiffs may seek and a court may award retroactive seniority in addition to monetary damages. 42 U.S.C. § 12117(a) incorporates all remedies available under Title VII into the ADA. Therefore, retroactive seniority is an available remedy. *See Best v. Shell Oil Co.*, 4 F.Supp.2d 770, 774 (N.D.Ill. 1998).

Fed. R. Civ. P. 19(a)(1) provides that a person shall be joined as a party when complete relief cannot be accorded among those already parties. Obviously, neither the EEOC nor defendants Rockwell or Cambridge can provide claimants retroactive seniority without the Unions' agreement or acquiescence. The Unions have expressed an unwillingness to any such agreement, and have indicated that they will "preserve their members seniority rights" under the terms of the CBA. If they are not parties to the lawsuit, the court, should it so decide, cannot compel them to comply with any order relating to retroactive seniority relief. Therefore, complete relief is unavailable in their absence.

Moreover, the Unions have admitted that their "interest" in the case is in preserving their members' seniority rights under the CBA. Yet, if the Unions are not made parties, those members and their rights to seniority will be unrepresented. Joinder is proper, therefore, under Rule 19(a)(2)(i) because disposition of the case without the Unions would "as a practical matter impair or impede the [members'] ability to protect that interest."

Additionally, joinder is appropriate under Rule 19(a)(2)(ii) because absent such joinder, an award of retroactive seniority could leave Cambridge subject to a risk of suit by the Unions for violation of the CBA.

Finally, the Unions argue that because they were not named in the initial charge before the EEOC, they cannot be added as a defendant in the instant case. While it is true that the Unions could not be added as actual liability defendants because they were not named in the EEOC charge, *see Williams v. General Foods Corp.*, 492 F.2d 399, 404–05 (7th Cir.1974), plaintiff has not charged the Unions with substantive liability under the ADA, but has named them only as parties need to effect complete relief pursuant to Rule 19(a). The purpose of the EEOC charging requirement is to notify the charged party of the violation and to bring the party before the EEOC to effectuate the Act's primary goal of securing voluntary compliance with the law. Because the Unions are not charged with violating the law, neither of these purposes would be advanced by requiring a claimant to name a relief defendant in the initial charge. *See EEOC v. MacMillan Bloedel Containers*, 503 F.2d 1086, 1095–96 (6th Cir.1974). The proper course is to add the Unions under Rule 19(a). *Id.*

### Conclusion

For the reasons set forth above, the Unions' motion to dismiss is denied.